The Surrogate.
There can be no question that by the ecclesiastical law of England, from which our law respecting the testamentary disposition of property is derived, a testator may delegate to a person named in the will the power of naming an executor. This is well •settled by authority, and was not denied upon the argument (Matter of Cringan, 1 Hagg. Ecc., 548; Matter of Ryder, 2 Swabey & Tristram, 127; Jackson v. Paulet, 2 Robertson Ecc., 344).
But the counsel for the petitioner contends that the rule upon this subject has been changed by the Revised Statutes of this State, and relies principally upon the •case of the Estate of Bronson (1 Tuck. Burr., 464). I have carefully examined the reasoning of the surrogate, in the case last cited, and find myself unable to concur with him in the conclusion to which he arrives. It is •claimed that the surrogate has no power to issue these letters to Wan dell, because the statute provides as fol *11 lows: “When any will of personal estate shall have "been duly admitted to probate, the surrogate who took ■sach proof shall issue letters testamentary thereon to the persons named therein as executors ” (2 R. S., 69, § 1). This clause of the statute, the counsel contends, and Surrogate Tttckee decides, virtually prohibits the surrogate from issuing letters to any person who is not actually mentioned in the will by name. This is put upon the ground that the executors no longer derive their authority from the will, but from their appointment by the surrogate, who is an officer of limited jurisdiction, and whose powers can not be enlarged by construction. This is altogether too narrow a construction of the statute. In my judgment, the executor is not “appointed” by the surrogate, nor does he derive his powers from that officer, or from the statute. It is just as true now as it was before the statue that the executor derives his authority from the will of the testator. The statute regulates the manner in which that will shall be carried into effect, and prohibits the executor from acting until the will has been admitted to probate, and the executor, so to speak, has been judicially certified to be the person designated by the testator.
Dayton, in his work on Surrogates, (3rd ed., p. 212, &c.), quoting from Williams on Executors, thus speaks of letters testamentary, and the source whence comes the authority of executors : “Letters testamentary, have been granted and issued apparently as the credentials of the executor’s authority to administer the goods, &c., of the testator and to execute his will.” And, again (p. 213): “Letters testamentary are merely operative as the authenticated evidence and not at all as the foundation of the executor’s title, for Tie derives all his interest from the will itself, and the property vests in him from the moment of the testator’s death.”
The duty of the surrogate to carry out the provisions *12 of the will is not a power of “ appointment,” nor can the right of the testator to designate, in his own way, a person to execute the provisions of his will be limited,, because the surrogate does not hold a court of general jurisdiction. It is possible to construe a statute with such strict adherence to its letter as to defeat its plain meaning. If the statute be construed according to its very letter, the name of the person would not only have to appear in the will, but he must be explicitly called executor, and yet there is no rule better settled than that the testator need not designate the appointee by that particular name. “ Any language whereby the . testator, in his will, indicates the desire that any person should discharge the duties pertaining to that office will be sufficient for the purpose ” (2 Redfield on Wills, G2, marg. paging, and cases cited). But it is clear that if the above clause of the statute is to receive the literal construction contended for, this rule, well settled for years, not now disputed, and reasonable in itself, will be abrogated. It is plain that the object of the statute was not to enlarge, restrict, or in any manner modify the right of a testator to designate an executor as he could at common law. The statute does not provide for the appointment of executors by testators, but simply declares the duties of the surrogate with reference to executors already appointed. It does not prescribe the mode of appointment, it leaves that to be governed by the rules of the common law. The surrogate has no power of selection. He is to look to the will for the appointment, and if the designation is reasonably certain, and no rule of law has been violated, he must issue letters in accordance with the testator’s desire as expressed in the will. The statute is made for the direction of the surrogate alone, and the words, “named in the will,” have the same meaning as “designated in the will,” or ‘ ‘ provided for by the will, ’ ’ and have no reference whatever to the particular man *13 ner in which the intention of the testator is to be expressed. For the foregoing reasons the prayer of the petitioner must be denied.